REGAN, Judge.
Plaintiff, Allied Financial Corporation,, instituted this suit against the defendant,. Edward A. Horrell, endeavoring to recover the sum of $1,737.60, representing the-face value of three negotiable trade ac *439 ceptances of which the plaintiff was the holder in due course.
The defendant answered and denied that he had signed the trade acceptances, and .asserted therein that his purported signatures appearing thereon were forgeries.
From a judgment in favor of the plaintiff, as prayed for, in the amount of $1,737.-(60, the defendant has prosecuted this appeal.
The record reveals that Allied Financial 'Corporation, which is a company engaged an the business of commercial financing and factoring, purchased for value in the 'ordinary and regular course of its business, three negotiable trade acceptances drawn on the form of All-Seal Chemical Corporation, of New York City, payable to the order of that corporation in the amount of $579.20 oach. All three of the instruments bore a signature which was represented to he that <of Edward A. Horrell as maker, and each was unconditionally endorsed by the original payee, All-Seal Chemical Corporation. The instruments were physically delivered to Allied Financial Corporation on September 17, 1962, for value and without knowledge, actual or constructive, of any ■defects therein. The record further reveals that each instrument was presented for payment after its due date in conformity with its terms, but they were not paid by the defendant, Horrell, which, of course, provoked this litigation.
The trial in the lower court consisted of the testimony of the defendant and Ludlow B. Baynard, a handwriting expert, whose testimony was offered on behalf of the plaintiff. The defendant simply but emphatically denied that the signatures inscribed on the trade acceptances were his.
On the other hand, the contrary conclusion was asserted with equal emphasis by Baynard, who expressed the opinion that the signatures appearing on the acceptances were those of the defendant. He had formulated this opinion after the usual study and comparison of the signatures on the three trade acceptances with some 40 checks admittedly signed by the defendant.
Counsel for the defendant has endeavored to discredit Baynard’s testimony by pointing to what he describes as deficiencies in the expert’s demonstration of the similarity of line equality in the signatures, deficiencies in his demonstration of the absence of tracings, the absence of a satisfactory explanation of the decreased size of the signatures, the existence of “pen lifts” and blunt endings of letters, the visible inconsistencies in the slant of the letters, and the presence of small strokes relating to the “r’s” in the questioned signatures. However, a reading of Baynard’s testimony in its entirety reveals that most, if not all, of the so-called discrepancies asserted by the defendant were adequately explained. Moreover, and of unusual significance is the fact that counsel for the defendant conceded in this court that Gilbert Fortier, a handwriting expert consulted by the defendant but never permitted to testify in his behalf, was of the opinion that the questioned signatures were those of the defendant.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously chose to accept as valid the evidence offered by the plaintiff in preference to that adduced by the defendant [1] and, therefore, concluded that the signatures inscribed on the three trade acceptances were not forgeries but instead constituted the defendant’s actual signature.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
*440 We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ contentions. The trial judge accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in its favor, and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed, the defendant is to pay all costs incurred herein.
Affirmed.

. Civil Codo Article 2245 provides:
“If the party disavow the signature, or the heirs or other representatives declare that they do not know it, it must be proved by witnesses or comparison, as in other cases.”